THE STATE, MICHAEL MALONE, PROSECUTOR, v. THE WATER COMMISSIONERS OF JERSEY CITY.

1. If it appear by the return to the writ of *certiorari,* that the same subject matter has been heard and adjudged by the court on a former *certiorari,* to which the present prosecutor was a party, and that judgment thereon was rendered against him, the writ will be dismissed.

2. A party wishing a review of an assessment for a municipal improvement must exercise reasonable diligence; and if it appear that the work has been done, and the assessment for it satisfied more than three years before the *certiorari* was allowed, the court will dismiss the writ.

3. The allowance of a common law writ is a matter of discretion; and whenever, in the progress of a cause, the court discovers facts which, had they been disclosed on the application for the writ, would have induced a refusal of the *allocatur,* the court may, of its own motion, dismiss the writ.

On *certiorari.* In matter of assessment for improvements, &c.

It was moved that the writ be dismissed on two points:

1. Because the same proceedings had, by a former writ of *certiorari,* to which the present prosecutor was a party, been brought up before the court for review, and judgment thereon had been rendered.

2. That the prosecutor had lost his remedy by unavoidable delay.

The motion was argued by *C. H. Winfield*, for the prosecutor, and *R. D. McClelland*, for the defendants.

The opinion of the court was delivered by

HAINES, J.   Motion is made by the counsel of the defendants in *certiorari* to dismiss the writ on several grounds, one of which is, that the whole subject matter of this suit has already been considered and adjudged.   The return to the writ sets forth, that on the 7th day of July, 1859, a writ of *certiorari*, issuing out of this court at the relation of Michael Malone, the present prosecutor, and others, was directed to these defendants, requiring them to send up all the proceedings of the defendants touching the construction of a certain sewer in Jersey City, with certain laterals and additions thereto; that in pursuance of the command of the said writ, they did certify and send to this court the resolution of the mayor and common council of Jersey City, directing these defendants to construct the said sewers, and all the proceedings touching the same, as they then remained before them, and that they are the same proceedings and record which, by the writ in this case, they are required now to certify and send up.   And they further certify, that such proceedings were thereupon had in this court that the proceedings of the defendants in relation to the said sewers were in all things affirmed.   And it is further certified, that the said Michael Malone, with other prosecutors, removed the record of this court to the Court of Errors and Appeals, where the judgment of this court upon the said proceedings of the defendants was in all things affirmed, and the records remitted to this court, where the same now remain; and that, in consequence thereof, the said proceedings and record do not remain before them, and that they are not able to send up the same to this court at this time.

On the return so made there was no allegation of diminu-

State v. Water Commissioners of Jersey City.

tion of the record, nor rule to correct or perfect it, and we are left to presume that the return is in accordance with the facts of the case. If that be so, then it appears that on the relation of Michael Malone, among others, the subject matter of the present suit has already been heard and adjudged by this court, and judgment rendered thereon against the prosecutor. He has once been heard, and has no right to be heard again, nor to vex the defendants a second time for the same cause, and this is a sufficient reason for dismissing the writ.

Another objection is, that the writ of *certiorari* in this case was improvidently granted. If the return to the writ now made is not in accordance with the facts, and the prosecutor has not already been heard, and the subject matter in all things adjudged, then it appears, by the depositions read without objection, that the sewer, and its laterals and additions thereto, had been completed, and were in actual operation in the month of May, 1859 ; and that the assessment of the expenses of the same was at the time approved and confirmed. The prosecutor sued out the present writ to review the proceedings, and procured its allowance at the term of June, 1862, more than three years after the work was done and assessment ratified. A party who desires a review of such proceedings should exercise reasonable diligence in having it done. There is neither reason nor justice in his standing by, while a large expenditure is being made for a supposed public benefit, and after it is completed, to enjoy the benefit, and then, for some supposed or real error or informality, to have the proceedings and the assessment against him set aside, and so save himself from his share of the expense. It is to be presumed that when the writ was allowed the court was not informed of these circumstances, or else that, in the exercise of its discretion, the writ would have been refused. Such motions are usually made *ex parte*, and must be at the risk of the party making them. It has frequently been held that the allowance of a common law writ is a matter of discretion, and that whenever, in the progress of the cause, the court discover facts which, had they been disclosed on the application for the writ would have induced a refusal of the *allocatur*, the court may, *ex mero motu*,

·dismiss the writ. *Haines* v. *Campion*, 3 *Harr.* 51 ; *State* v. *Kingsland*, 3 *Zab.* 85 ; *State* v. *Everet, Ib.* 370 ; *State* v. *Woodward*, 4 *Halst.* 21.

In the case of *The State* against *Ten Eyck*, 3 *Harr.* 373, the court dismissed the writ, because the party prosecuting it had suffered three terms of the court to pass after the return of a public road, before he applied for its allowance. The three years which in this case had elapsed, between the completing of the work with the assessment, and the application for the writ, is such a period as, if known to the court, would have induced a denial of the *allocatur*, and is a good cause for dismissing.

Let the writ be dismissed with costs.

CITED in *State* v. *Council of Newark, infra* 306 ; *State* v. *Blauvelt*, 5 *Vroom* ·263 ; *State* v. *Gardner*, 5 *Vroom* 329 ; *State* v. *Jersey City*, 7 *Vroom* 194 ; *State, Wilkinson, pros.*, v. *Trenton*, 7 *Vroom* 506 ;. *State* v. *Essex Public Road Board*, 8 *Vroom* 337 ; *State, Grant, pros.*, v. *Clark*, 9 *Vroom* 103.